**BROADCAST ENTERPRISES, INC.,**
**Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**WMEG, Inc., Intervenor.**

**No. 21430.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 18, 1968.
Decided Feb. 6, 1968.

---

Mr. Donald E. Ward, Washington, D. C., with whom Messrs. Benito Gaguine, and James K. Edmundson, Jr., Washington, D. C., were on the brief, for appellant.

Mr. William L. Fishman, Counsel, Federal Communications Commission, with whom Messrs. Henry Geller, General Counsel, and John H. Conlin, Associate General Counsel, Federal Communications Commission, were on the brief, for appellee. Mrs. Lenore G. Ehrig, Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. Mark E. Fields, Washington, D. C., with whom Mr. Samuel Miller, Washington, D. C., was on the brief, for intervenor.

Before FAHY, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

FAHY, Senior Circuit Judge:

The appeal is from an Order of the Commission (a) dismissing Broadcast Enterprises' petition to deny an application of Mel-Eau Broadcasting Corporation, licensee of Station WMEG, of Eau Gallie, Florida, for assignment of its license to WMEG, Inc., and (b) granting the application.

The Commission held that appellant did not have standing, but nevertheless went on to decide that its petition to deny was inadequate to require an evidentiary hearing, and that grant of the assignment application would serve the public interest.

The issue of standing depends upon whether appellant is a "party in interest." 47 U.S.C.A. § 309(d) (1). Appellant is licensee of Stations WMMB and WYRL–FM, Melbourne, Florida, adjacent to Eau Gallie, and is a competitor of Station WMEG. Were an original application for a construction permit, or the assignment of an original application involved, the competitive situation would plainly give appellant standing as a "party in interest." F.C.C. v. Sanders Bros. Radio Station, 309 U.S. 470, 60 S.Ct. 693, 84 L.Ed. 869; Camden Radio

v. F.C.C., 94 U.S.App.D.C. 312, 220 F.2d 191. It is thought by the Commission, however, that since the license sought to be assigned is that of a station now in operation, new competition, said to be essential to standing, is not involved.

 According to allegations in the sworn petition to deny, the proposed assignment would transfer the license from a financially failing station to a considerably more healthy enterprise, the principal stockholder of which has had ten years broadcast experience in the area. It is alleged further that the proposed assignee has quite marked opportunity in enumerated respects to compete with appellant substantially more effectively than has the assignor. Actual proof of this allegedly threatened effect of the assignment could not be made prior to actual operation under the assignment, so that a showing must be allowed by means less than that. We approach the problem with a rather generous attitude toward standing in such a case, to enable a competitor to bring to the Commission's attention matters bearing upon the public interest of which the Commission might otherwise be unaware. *Cf.* Philco Corp. v. F.C.C., 103 U.S.App.D.C. 278, 280, 257 F.2d 656, 658, renewal of existing license. This assistance to the Commission is permitted not to protect the competitor from competition, see Hardin v. Kentucky Utilities Co., 390 U.S. 1, 88 S.Ct. 651, 19 L.Ed.2d 787, but because its position qualifies it in a special manner to advance matters bearing upon the public interest. We think appellant had standing.

We agree with the Commission, however, on the merits. Considering the data supplied by the applicant, the Commission was warranted in ruling that appellant's showing did not require an evidentiary hearing or preclude dismissal of its petition to deny, followed by grant of the application in the public interest. Contradictory allegations and affidavits which create some possibly unresolved factual issue do not invariably necessitate an evidentiary hearing

before the Commission can judge whether an assignment would be in the public interest. The rather detailed analysis by the Commission of the appellant's objections, in the context of all the data before the Commission, supports its conclusions that "there are now no substantial and material questions of fact to bar a grant of the application," or which "warrant designating this application for hearing." Our deference to the Commission's rulings leaves us in no uneasy state of mind as to the validity of the outcome.

Affirmed.